IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY LEWIS PINCHON, ) | |
| AIS #199891, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:20-CV-892-WHA |
| ) | |
| CLIFF WALKER, et. al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Timothy Lewis Pinchon, a state inmate currently incarcerated at the Loxley Community Based Facility. In this complaint, Pinchon challenges the decision to deny him parole entered on September 23, 2020. Doc. 1 at 2–4; Doc. 1-2 at1–2; Doc. 1-3 at 1–2. He names Cliff Walker, Leigh Gwathney and Dwayne Spurlock, members of Alabama Board of Pardons and Paroles, Jefferson Dunn, Commissioner of the Alabama Department of Corrections, Kay Ivey, Governor of Alabama, and Sharon Folks and Jennifer Anderson King, correctional officials employed at Loxley, as defendants in this civil action, Doc. 1 at 2. Pnchon argues absent the constitutional violations about which he complains he is

---

[1]All documents and attendant page numbers cited in this Recommendation are those assigned by the Clerk in the docketing process.

entitled to release on parole. Doc. 1 at 4. He also requests monetary damages from the defendants in their individual capacities. Doc. 1 at 4.

Upon thorough review of the complaint, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[2]

## II.  CLAIMS FOR RELIEF

Pinchon complains defendants Walker, Gwathney and Spurlock acted in violation of his constitutional rights in denying him parole. Doc. 1 at 2–3. Specifically, Pinchon alleges these defendants arbitrarily and capriciously denied him parole in violation of his right to equal protection because they based the challenged decision to deny parole on his race and gender. Doc. 1 at 2–3. Pinchon further maintains such action deprived him of his liberty interest in parole protected by due process. Doc. 1 at 2. Finally, Pinchon contends the named defendants conspired to discriminate against him in effectuating the denial of his release on parole. Doc. 1 at 2.

---

[2]This court granted Pinchon leave to proceed *in forma pauperis* in this case. Doc. 16. Thus, the undersigned is obligated to screen the complaint for possible summary dismissal. 28 U.S.C. § 1915(e). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

## III.  DISCUSSION

### A.  Request for Monetary Damages from Members of the Parole Board

Insofar as Pinchon seeks monetary damages from defendants Walker, Gwathney and Spurlock in their individual capacities for actions relative to the parole consideration process and/or the denial of parole, he is entitled to no relief from this court.  The Eleventh Circuit has long recognized that parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole.  *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101–02 (5th Cir. 1974).  All of the actions about which Pinchon complains arose during proceedings resulting in the denial of parole.  Under these circumstances, the actions of parole officials are inextricably intertwined with their decision-making authority and they are therefore immune from damages.  Consequently, Pinchon's claim for monetary damages against the parole defendants in their individual capacities is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.  Conspiracy

Pinchon alleges the denial of parole resulted from a conspiracy among the defendants.  Doc. 1 at 2 ("Defendants herein have . . . conspired to gender neutral and racial discriminate against me" in not granting parole.).  This claim, however, provides no basis for relief in this civil action.

To proceed on a conspiracy claim under 42 U.S.C. § 1983, "a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy. . . . [T]he linchpin for conspiracy is agreement[]." *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.), *cert. denied*, 506 U.S. 832 (1992) (internal quotations and citation omitted). In order for a plaintiff "to establish the understanding or willful participation required to show a conspiracy, . . . [he] must [produce] some evidence of agreement between the defendants[.]" *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283–84 (11th 2002) (internal quotation marks omitted). Merely "stringing together" acts of individuals is insufficient to demonstrate the existence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (holding that a vague and conclusory allegation of a conspiracy fails to state a claim upon which relief can be granted). A plaintiff is required to provide more than a label or a conclusion, such as merely stating the defendants conspired against him. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An agreement to violate a plaintiff's constitutional rights must be shown by sufficient facts to suggest the defendants actually made such an agreement. *Id.* at 556. "[A] bare assertion of a conspiracy will not suffice. . . . and a conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality." *Id.* at 556–57. A plaintiff merely placing the word "conspiracy" or "conspired" in a complaint wholly fails to state a claim which survives a court's review under 28 U.S.C. § 1915(e)(2)(B). *See Hadley v. Gutierrez*, 526

F.3d 1324, 1332 (11th Cir. 2008). In sum, "[i]t is not enough to simply aver in the complaint that a conspiracy existed." *Allen v. Secretary, Florida Dept. of Corrections*, 578 F. Appx. 836, 840 (11th Cir. 2014) (quoting *Fullman*, 739 F.2d at 557).

Other than his suppositious and conclusory allegation that the defendants conspired against him to effectuate the denial of his parole, Pinchon presents nothing which suggests the existence of an actual conspiracy among the defendants nor can the undersigned countenance the existence of any evidence which would indicate that the defendants actually conspired to deprive Pinchon of his constitutional rights. Pinchon's "naked assertion" of a conspiracy without "supporting operative facts" fails to state a claim under 42 U.S.C. § 1983, *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984); *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556–57, and is therefore subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Respondeat Superior and Vicarious Liability

To the extent Pinchon seeks to hold defendants Dunn, Ivey, Folks and King responsible for the alleged adverse actions taken by members of the parole board with respect to the decision to deny parole issued in September of 2020, he is entitled to no relief as the law is well-settled that liability in a 42 U.S.C. § 1983 action cannot be based on the theory of either respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior."); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding "officials are not liable under § 1983 for the

unconstitutional acts of their subordinates [or other state officials] on the basis of respondeat superior or vicarious liability."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396) (11th Cir. 1994) (holding that in a 42 U.S.C. § 1983 action officials are not subject to liability for the actions of other officials under either a theory of respondeat superior or vicarious liability.). As such, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Thus, liability for the challenged actions of the parole board members could attach to defendants Dunn, Ivey, Folks and King only if they "personally participate[d] in the alleged unconstitutional conduct [— in this case entry of the decision to deny Pinchon parole —] or [if] there is a causal connection between [their] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360.

The documents filed by Pinchon establish that defendants Dunn, Ivey, Folks and King did not enter the challenged decision to deny parole. Doc. 1-2 at 1–2 & Doc. 1-3 at 1–2. Furthermore, it is clear that the parole board members in denying Pinchon parole did not act pursuant to a policy enacted by Dunn, Ivey, Folks or King but, instead, based such denial on the severity of this inmate's offense and negative community reaction to his release on parole. Doc. 1-2 at 1–2 & Doc. 1-3 at 1–2. Thus, the requisite causal connection does not exist in this case nor is liability under the custom or policy standard justified with respect to defendants Dunn, Ivey, Folks and King. For the foregoing reasons, dismissal of

6

the complaint against defendants Dunn, Ivey, Folks and King is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Denial of Parole

In accordance with well-established law, Pinchon's claims alleging the improper denial of parole and his attendant assertion of entitlement to release on parole are not properly before this court in a 42 U.S.C. § 1983 action. *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez,* 411 U.S. 475 (1973).

In sum, applicable federal law provides that claims alleging an improper denial of parole and seeking release from imprisonment on parole or which would result in release on parole must be raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus. *See Heck,* 512 U.S. at 481 (The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Edwards,* 520 U.S. at 645 (The "sole remedy in federal court" for a state prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive [federal] remedy" for a state inmate's claim challenging the basis for or validity of his current incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court clearly emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and

should be dismissed." *Balisok*, 520 U.S. at 649. "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of the adverse action resulting in his incarceration]) —no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct [resulting in confinement] or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

The principles espoused in *Heck* and *Balisok* foreclosing this court's review of claims which go to the fundamental legality of a prisoner's current confinement in a 42 U.S.C. § 1983 action apply when an inmate is challenging his confinement due to the denial of parole. *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of [the adverse parole decision] . . . and his resulting imprisonment. . . . Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed."); *Littles v. Board of Pardons and Paroles Div*., 68 F.3d 122, 123 (5th Cir.1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging an adverse parole decision where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), (holding that "*Heck* applies to proceedings that call into question the fact or duration of parole."), *cert. denied*,

516 U.S. 851 (1995); *White v. Gittens*, 121 F.3d 803, 807 (7th Cir. 1997) (holding that when "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [or denying Plaintiff's] parole and ordering him back to [or released from] prison[,] *Heck* therefore applies, and the § 1983 action is not cognizable in a federal court . . . unless the [adverse] parole [decision] 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'") ; *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) (finding that "*Heck* applies to parole and probation revocation proceedings.") (citing *Vannoy*, *supra*).

It is clear that the denial of parole about which Pinchon complains has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. Thus, under the circumstances of this case, *Heck* and its progeny bar Pinchon's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of the decision to deny him release on parole. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [challenged decision] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of

9

cognizability, not exhaustion."). Consequently, Pinchon's challenges to the constitutionality of the decision to deny him release on parole and his current imprisonment based on such denial are not cognizable in this civil action as such challenges provide no basis for relief at this time, and these challenges are therefore due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

### E. Supplemental Jurisdiction

Pinchon complains defendants Walker, Gwathney and Spurlock violated their "own Articles governing their function" in rendering the decision to deny him parole. Doc. 1 at 2. To the extent Pinchon seeks relief on pendent state law claims, review of these claims is appropriate only upon exercise of this court's supplemental jurisdiction. In the posture of this case, the undersigned finds that exercise of supplemental jurisdiction over Pinchon's state law claims is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443–47 (1975).

---

[3]Pinchon is advised that any federal petition for writ of habeas corpus that he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicate has exhausted the remedies available in the courts of the State[.]").

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

In view of the determinations made herein with respect to the federal claims presented by Pinchon, the undersigned concludes that the pendent claims for alleged violations of state law are due to be dismissed without prejudice. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over any state law claim and makes no determination on the merits of such claims.[4]

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[4] Furthermore, even if Pinchon is instead alleging the defendants acted in violation of their own administrative regulations in denying him release on parole, rather than violating any right protected by the Constitution, he is nevertheless entitled to no relief as the law is well-settled that i**Error! Main Document Only.**nfringements of agency rules, regulations, policies or procedures do not, without more, amount to constitutional violations. *Sandin v. Conner*, 515 U.S. 472, 484–86 (1995) (noting that prison regulations "are not designated to confer [constitutional] rights on inmates"); *Magluta v. Samples,* 375 F.3d 1269, 1279 n. 7 (11th Cir. 2004) (mere fact governmental agency's regulations or procedures may have been violated does not, standing alone, raise a constitutional issue); *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996) (claim that officials have not followed their own policies and procedures does not, without more, amount to a constitutional violation); *United States v. Caceres,* 440 U.S. 741, 751–52 (1979) (mere violations of agency regulations do not raise constitutional questions); *Weatherholt v. Bradley,* 316 F. App'x 300, 303 (4th Cir. 2009) (same).

1.  Plaintiff's claims for monetary damages from defendants Cliff Walker, Leigh Gwathney and Dwayne Spurlock, members of the Alabama Board of Pardons and Parole, for their decision to deny Plaintiff parole on September 23, 2020 be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii).

2.  Plaintiff's conspiracy claim be DISMISSED with prejudice as authorized by 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  As to defendants Jefferson Dunn, Kay Ivey, Sharon Folks and Jennifer Anderson King, all claims against these defendants arising from the aforementioned denial of parole by members of the Alabama Board of Pardons and Parole be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because neither respondeat superior nor vicarious liability provides a basis for relief.

4.  Plaintiff's clams alleging violations of his constitutional rights related to the adverse parole decision issued by defendants Cliff Walker, Leigh Gwathney and Dwayne Spurlock on September 23, 2020 be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5.  Plaintiff's pendent state law claims be dismissed without prejudice as this court deems it inappropriate to exercise supplemental jurisdiction over these claims.

6.  Any claim alleging an independent violation of administrative rules, regulations or policies be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

7.  This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

On or before **February 12, 2021**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of January, 2021.

    /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE